IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |  |
|---|---|---|
| WILFRED SHEPPARD, | § | |
| Plaintiff, | § | |
| v. | § | 6:16-CV-144 RP |
| JUDGE RONALD B. KING, DAVID C. ALFORD, and ARCELIA LOVE, | § | |
| Defendants. | § | |

## ORDER

Before the Court are three motions for default judgment filed by Plaintiff Wilfred Sheppard (Dkts. 14–16). The case was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Magistrate Judge Manske filed his Report and Recommendation to deny these motions on August 17, 2016. (Dkt. 29). Plaintiff objected to this recommendation on August 19, 2016. (Dkt. 32). In light of this objection, the Court has undertaken a de novo review of the entire case file in this action and finds that Magistrate Judge Manske's Report and Recommendation is substantially correct and is therefore approved and accepted as modified below.

Sheppard filed his Motion for Default Judgment Against Defendant Arecelia Love on July 11, 2016 (Dkt. 14), his Motion for Default Judgment Against Defendant David C. Alford on July 11, 2016 (Dkt. 15), and his Motion for Default Judgment Against Defendant Judge Ronald B. King on August 9, 2016 (Dkt. 16). Each of these motions was based on Sheppard's purported service of the Defendants on June 7, 2016 and Defendants' failure to respond. (Dkt. 14–16). Sheppard did not,

however, comply with Federal Rule of Civil Procedure 4 regarding service because service must be made by a person who is not a party to the suit. Fed. R. Civ. P. 4(c)(2). The summons returned executed by Sheppard indicate that he served Defendants himself, rather than using a server who is not a party to the suit. (Dkts. 8–9).[1]

Further, despite this ineffective service, at the time Sheppard filed his motions for default judgment, two of the defendants, Love and Alford, had already answered Sheppard's complaint by filing a motion to dismiss for failure to state a claim. A party who has defended a lawsuit by filing a motion to dismiss is not in default. *See* Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 12(b). At the time of this order, Sheppard has amended service, and the third defendant, Judge King, has also filed a motion to dismiss. (Dkt. 41).

Because Sheppard both failed to effectively serve any of the Defendants at the time he filed his motions for default judgment, and because all of the Defendants have now made an appearance in the case, the Court finds that entry of default judgment is unwarranted here. Plaintiff Wilfred Sheppard's motions for default judgment are **DENIED**. (Dkts. 14–16)

**SIGNED** on December 13, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] There is no record of a summons returned executed from June 7, 2016 for Love, only the other two defendants. (Dkts. 8–9).