IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILFRED SHEPPARD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-144 RP |
| JUDGE RONALD B. KING, DAVID C. ALFORD, and ARCELIA LOVE, | § § § § § | |
| Defendants. | § § | |

## ORDER

On May 31, 2016 Plaintiff Wilfred Sheppard filed this action, which he entitles a "Petition for Fraud upon the Court." (Dkt. 1). While not an appeal from a ruling of the bankruptcy court, Sheppard identifies himself as "Plaintiff-Appellant" and indicates that he seeks a review of a proceeding before the bankruptcy court to determine whether fraud upon the court occurred.

Now pending before the Court are four motions: Sheppard's motion for summary judgment for his claim of fraud on the court (Dkt. 10); Defendants David C. Alford and Areclia Love's motion to dismiss (Dkt. 11); Defendants Alford and Defendant Love's motion for sanctions (Dkt. 12); and Judge Ronald B. King's motion to dismiss (Dkt. 43). After reviewing these motions, their respective responses and replies, the relevant case law, and the entire record in this case, the Court issues the following order.

### I. BACKGROUND

This is one of four different actions to come before this Court regarding a dispute between Sheppard and Love.[1] In October 2014, Love filed suit in the 146th Judicial District Court of Bell County, Texas alleging Sheppard had committed multiple breaches of fiduciary duty arising out of a

---
[1] Nos. 6:16-cv-077, 6:16-cv-144, 6:16-cv-148, and 6:16-cv-169.

1

partnership Love says she entered with Sheppard. (Compl., Dkt. 1, at 80). Sheppard failed to timely respond to the lawsuit and the state court entered a final default judgment, awarding Love actual damages of $350,000 and exemplary damages of $700,000 (*Id.*). Sheppard did not appeal this judgment. (*Id.*).

Sheppard filed for Chapter 7 bankruptcy on June 18, 2015. (*Id.* at 81). Sheppard's schedules and statement of financial affairs omitted any present or former interest in the partnership with Love. (*Id.*). After learning of the bankruptcy proceeding, Love filed an adversary claim on November 23, 2015, alleging that the judgment Sheppard owed to her was not dischargeable in bankruptcy. (*Id.*). Sheppard filed a motion for summary judgment with respect to Love's claim, but it was denied on April 19, 2016. (*Id.* at 97). On May 24, 2016, the bankruptcy court held a hearing in which it determined that Sheppard's debt to Love was not dischargeable; the court entered an order to that effect the following day. (*Id.* at 99-101).

Now, by way of a separate civil suit, Sheppard seeks to challenge the rulings made in his bankruptcy proceeding to argue that they were made due to "fraud upon the court." (*Id.* at 1). In short, he argues that Judge Ronald B. King committed fraud on the court in ruling on Love's claims within his bankruptcy proceeding, that Alford committed fraud on the court by misrepresenting or fabricating evidence, and that Love perjured testimony to help further this fraud. (*Id.* at 2–4). There are two pending motions to dismiss these claims, which the Court will address first.

## II. MOTION TO DISMISS STANDARD

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim

showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify allegations in the complaint that are no more than legal conclusions or "[t]hreadbare recitals of a cause of action's elements," then assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 79 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

In his complaint,[2] Sheppard alleges that each of Defendants committed fraud upon the court during his Chapter 7 bankruptcy proceeding, No. 15-60492-RBK, in the United States Bankruptcy Court for the Western District of Texas. (Compl., Dkt. 1, at 6). First, Sheppard alleges that Alford, Love's attorney in the bankruptcy action, misrepresented evidence to suggest that a partnership existed between Love and Sheppard. (*Id.* at 6–7). Sheppard alleges that at trial, Alford provided no evidence of a partnership between Love and Sheppard, yet represented that a partnership existed to the court.

Second, Sheppard alleges that Love lied when testifying under oath. Specifically, Sheppard alleges that Love falsely testified that certain "bank account information and reports were mailed to a P.O. Box owned by Sheppard." (*Id.* at 8). On cross-examination, Love purportedly admitted that two of the exhibits submitted by her attorney were mailed to the address for her business, and "that

---

[2] Sheppard's complaint is styled as a brief rather than as a traditional complaint, thus the Court primarily relies on Sheppard's "Statement of Relevant Facts" for relevant factual allegations. (Compl., Dkt. 1, at 6–10).

neither her [n]or her attorney produced any P.O. Box info for Sheppard in the exhibits offered as evidence." (*Id.* at 8).

Finally, Sheppard alleges that Judge King demonstrated bias against him throughout his adjudication of Love's claims within Sheppard's bankruptcy proceeding. (*Id.* at 9). Sheppard alleges the following actions demonstrate Judge King's bias against him:

- Judge King ignored the fact that Love had perjured her testimony and relied "heavily on it to formulate evidence against Sheppard";
- Judge King twice denied Sheppard's motion to dismiss based on Love's perjured testimony;
- Judge King ruled in favor of Love despite her perjured testimony;
- Judge King vacated an order for Sheppard's Chapter 7 discharge on December 11, 2015;
- Judge King denied Sheppard's initial motion for summary judgment without conducting a trial on December 21, 2016;
- Judge King denied every motion for summary judgment and motion to dismiss filed by Sheppard thereafter; and
- "Judge King ruled on this case December 11, 2015 prior to a trial on the merits and consent of parties."

(*Id.* at 9).

As already mentioned, Defendants Alford and Love have moved to dismiss Sheppard's claim of fraud upon the court pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that he has failed to state a claim for which relief can be granted. They argue that fraud upon the court encompasses only the most egregious misconduct, and that the allegations in Sheppard's complaint fail to meet that demanding standard. Further, they contend that Sheppard's real goal is to challenge the merits of the state court judgment, the merits of which are irrelevant to whether he has stated a claim for fraud on the court.

Judge King has also moved to dismiss Sheppard's claim, but based on the doctrine of judicial immunity. He argues that the acts that Sheppard alleges form the basis of Sheppard's claim were carried out within the scope of his judicial discretion, rendering him immune from liability.

For the most part, Sheppard's responses to these motions to dismiss consist of his reiteration of the arguments made in his complaint. His chief focus, however, is on what he terms, the "[e]lephant in the room"—the fact that he provided evidence to the bankruptcy court that he was not in a partnership with Love, thus the state court default judgment was erroneous. (Pl's. Resp. to Alford and Love Mot. to Dismiss, Dkt. 27, at 1). He argues that Judge King's failure to take this into account renders Judge King's rulings erroneous as a matter of law, and demonstrates that those rulings were based on bias, false statements, or perjured testimony.

Based on these arguments, the Court will first consider whether Sheppard has adequately stated a claim for fraud upon the court against Alford, Love, and Judge King. If Sheppard has adequately alleged such a claim against Judge King, the Court will then consider whether Judge King is entitled to immunity. Finally, the Court will briefly address Sheppard's remaining arguments regarding the absence of a partnership between him and Love.

### A. Fraud on the Court

A claim for fraud upon the court may be considered as part of an independent civil action. *See* Fed. R. Civ. P. 60(d)(1)-(3) ("This rule does not limit a court's power to: . . . entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . [or] set aside a judgment for fraud on the court."); *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (noting that "[t]here are no formal requirements for asserting a claim of fraud on the court," but also acknowledging that an independent action is an appropriate procedural mechanism for such a claim).

"To establish fraud on the court, 'it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)); *see also Buck*, 281 F.3d at 1342 ("Fraud on the court . . . is fraud which is directed to the

5

judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury"). Thus, "[g]enerally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) (quoting *Lustig*, 96 F.3d at 1573). "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court," *id.* (quoting *Lustig*, 96 F.3d at 1573), meaning that "perjury by a witness is [usually] not enough to constitute fraud upon the court," *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005)

While the Fifth Circuit has not specifically addressed what elements must be proven for a claim of fraud upon the court, the Third Circuit has explained that such claim requires: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Id.* at 386. Other courts have determined that a claim for fraud on the court "must also touch on the public interest in a way that fraud between individual parties generally does not." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 136 (4th Cir. 2014).

The court now applies these standards to Sheppard's factual allegations.

### 1. *Defendant David Alford*

The complaint alleges that Defendant Alford misrepresented evidence by stating that Love and Sheppard were in a partnership, but also that he offered no evidence of that partnership and fabricated evidence by allowing Love to testify that she had a partnership with Sheppard. Sheppard fails to plausibly allege, however, that this conduct was actually fraudulent. Certainly, it is clear that Sheppard believes that he never entered into a partnership with Love. But Sheppard does not plausibly allege that Alford *knew* that no partnership existed between Love and Sheppard, rather than

that Alford *mistakenly believed* that a partnership existed.³ *See Fierro*, 197 F.3d at 154–56 (holding that where attorney is not aware of false nature of testimony, nondisclosure of falsity cannot establish fraud on the court).

Importantly, Sheppard also fails to plausibly allege that this misrepresentation actually deceived the bankruptcy court or that the court relied on the misrepresentation in its rulings. The issue before the bankruptcy court was whether Sheppard's debt to Love, ordered by a state court through default judgment, was non-dischargeable debt. The issue that Sheppard raises—whether he was Love's business partner—is relevant only to the merits of the state court ruling, not to the dischargeability of his debt. *Cf. Matter of Gober*, 100 F.3d 1195, 1208 n.14 (5th Cir. 1996) (noting that "collateral attack on [a] state court judgment itself is no defense to a § 523(a) dischargeability proceeding"). Thus, regardless of whether Alford's conduct deceived the bankruptcy court, the bankruptcy court could have still ruled against Sheppard regarding non-dischargeability.

At most, the conduct Sheppard alleges Alford engaged in consisted of Alford both making and allowing his client to make a false statement regarding a partnership between Love and Sheppard. The issue of whether a partnership existed was not, however, before the bankruptcy court. Thus, the Court concludes that Alford's alleged conduct is not an unconscionable scheme or egregious misconduct and does not rise to the level of fraud on the court.

### 2. Defendant Arcelia Love

Defendant Arcelia Love is not an attorney, nor is she otherwise an officer of the court. Thus, her conduct cannot constitute fraud upon the court. *See Fierro*, 197 F.3d at 154 (stating that a claim for fraud on the court "allows a judgment to be attacked on the basis of intrinsic fraud that results from corrupt conduct by officers of the court" and holding that false statements by police officers could not constitute fraud on the court).

---

³ It is also quite possible that Alford *correctly believed* that a partnership existed between Love and Sheppard, but at this stage the Court accepts the allegations in the complaint as true.

### 3. *Judge Ronald B. King*

Sheppard primarily argues that Judge King demonstrated bias against him by ruling against him on numerous occasions. Sheppard fails to plausibly allege an unconscionable scheme against him, rather than the conduct of a Judge who has disagreed with him. For example, Sheppard says that Judge King "has abused his discretion by ruling against Sheppard to appease the personal interest of the opposing party." (Compl., Dkt. 1, at 12). Yet Sheppard fails to identify any reason or scheme that would motivate Judge King to rule against him in connection with the numerous instances where he argues the Judge exhibited bias or prejudice. Even if Judge King incorrectly applied the law to reach erroneous outcomes in any of these instances, that conduct is not a sufficient basis for a claim of fraud on the court.

The only alleged scheme that Sheppard even argues was a factor in some of Judge King's decision-making is the perjured testimony of Defendant Love and the misrepresentation of Defendant Alford. But as the Court previously explained, Sheppard has failed to plausibly allege that the Judge relied on this conduct in any way—while Sheppard conclusorily asserts that Judge King relied on this testimony, the issue of whether Sheppard and Love were in a partnership was not before the bankruptcy court. Further, even if Judge King had relied on the perjured testimony, such testimony is insufficient to support a claim of fraud on the court, particularly here, where Sheppard suggests he was able to cross-examine Love regarding her perjured testimony and gain admissions indicating it to be untrue.

Accordingly, the court finds it clear that the conduct Sheppard complains of does not rise to the level of fraud on the court. Specifically, none of the alleged wrongdoing he has identified involves the sort of egregious behavior or unconscionable plan that the cause of action of fraud on the court is aimed at addressing.

Further, with respect to all defendants, the public interest weighs in favor of dismissing Sheppard's claims. While the vast majority of cases involving claims of fraud on the court arise months or years after the original fraud occurred and long after the original case was closed, Sheppard's bankruptcy case has appeals still pending. To the extent that any unconscionable scheme did occur at the bankruptcy court (and based on the allegations here, it did not), Sheppard has the ability to directly appeal the relevant rulings and demonstrate how the bankruptcy court was deceived or was involved in a fraudulent scheme. Thus, the public interest in judicial economy weighs in favor of allowing the existing bankruptcy appeal to be exhausted before this Court entertains a separate action alleging fraud on the court.

Because the Court concludes that none of the conduct alleged by Sheppard rises to the egregious level sufficient to adequately state a fraud on the court claim, his claims will be dismissed. As a result, the court need not address Judge King's argument that his alleged misconduct is insulated by the doctrine of judicial immunity.

### B.  Absence of a Partnership

In addition to his arguments regarding fraud on the court, Sheppard spends much of his complaint and other filings in this case arguing that he did not have a partnership with Defendant Love. As he acknowledges, a state court "default judgment . . . awarded $1 million in damages to [Defendant Love] for alleged [p]artnership fiduciary violations." (Compl., Dkt. 1, at 11). Regardless of whether Love and Sheppard had a partnership, neither this Court nor the bankruptcy court have jurisdiction to review the ruling of the state court. *Matter of Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998) ("[F]ederal courts do not have the power to modify or reverse state court judgments"). Thus, to the extent Sheppard makes a claim premised on the absence of a partnership with Love, this claim is dismissed.

9

## IV. MOTION FOR SUMMARY JUDGMENT

Sheppard filed a motion for summary judgment in this case on June 13, 2015, requesting the Court remedy the failure by the bankruptcy court "to properly administer justice." (Mot. for Summ. J., Dkt. 10, at 12). As the Court finds that Sheppard's complaint does not state a claim for which relief can be granted, it also denies his motion for summary judgment.

## V. MOTION FOR SANCTIONS

In addition to their motion to dismiss Plaintiff's claims, Defendants Alford and Love have filed a motion for sanctions against Sheppard for violations of Federal Rule of Civil Procedure 11. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule." Fed. R. Civ. P. 11(c)(1).

Here, Defendants Alford and Love argue that Sheppard's claims for fraud upon the court were unwarranted by existing law, unsupported by any nonfrivolous argument for extending the law, presented for an improper purpose, and lacked evidentiary support.

First, the Court disagrees with defendants that Sheppard's action for fraud upon the court was for an improper purpose, or "clearly intended for the purposes of harassment, causing

10

unnecessary delay, and needlessly increasing the cost of litigation." (Mot. for Sanctions, Dkt. 12, at 3). Instead, the Court finds it more likely that Sheppard, as a pro se litigant, is simply trying his best to obtain relief from what he feels was a wrongfully decided state-court judgment. While the *avenues* through which Sheppard has sought relief may have been improper, the Court cannot agree that the *purpose or motive* of his actions was necessarily improper.

Second, while the Court generally agrees that Sheppard's arguments were unwarranted under existing law and that his claims lacked evidentiary and factual support, it is hesitant to conclude that Sheppard did not make his claims to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." *See* Fed. R. Civ. P. 11(b). The relief Sheppard has sought from this Court necessarily involved analysis of several complex legal issues, and the Court finds it difficult, given Sheppard's pro se status, to conclude that his mistakes and misunderstandings were unreasonable. The Court warns Sheppard, however, that it has the ability to enter sanctions in the future without a motion by defendants. *See* Fed. R. Civ. P. 11(c)(3). Thus, to the extent that Sheppard re-raises arguments that the Court has rejected via this order or other future orders, it will be far less likely to consider his behavior reasonable.

## IV. CONCLUSION

In light of the foregoing, the Court **ORDERS** that Defendants David C. Alford and Arcelia Love's motion to dismiss (Dkt. 11) is **GRANTED**; Judge Ronald B. King's motion to dismiss (Dkt. 43) is **GRANTED**; Sheppard's motion for summary judgment (Dkt. 10) is **DENIED**; and Defendants Alford and Defendant Love's motion for sanctions (Dkt. 12) is **DENIED**.

**SIGNED** on December 14, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE